## TIMOTHY E. ROBINSON *vs.* JOHN H. HALL & Trustees.

If a debtor, who has been summoned as trustee of his creditor, pay him before he has any knowledge of the service of the trustee process, he cannot be held as trustee, although he suspected, when he made payment, that his creditor demanded it from an apprehension that a trustee process might be instituted.

Where an entire contract is made for labor on a large number of articles in the process of manufacture, to be paid for when finished, the owner cannot be held as trustee of the laborer, until the work is performed on all the articles.

DENNIS EVERETT and the firms of Milton W. Blackinton & Co., and Capron & Richardson, were summoned as trustees of Hall, the principal defendant.

Herbert M. Draper, of the firm of Blackinton & Co., stated in his answer, that he was in the State of Maine at the time when, according to the officer's return, service of this process was made on him by leaving a copy of the writ at his last and usual place of abode in Attleborough ; and that, on his return from Maine, he met said Hall in Boston, and, without any knowledge that a trustee process had been served upon him or his partner, Blackinton, or had been sued out, he, at Hall's request, settled with him, and paid him five dollars in cash, and gave him a negotiable note, in the name of the firm, for twenty-two dollars and some cents, in full of the amount due to him from the firm.

To an interrogatory put by the plaintiff, said Draper made this answer : " Sometime in the course of the conversation with Hall, I asked him if there was anything the matter. He said, ' ask no questions.' He said nothing from which I could infer that there was any attachment or trustee process made or issued. I had no information, in any manner, in relation to any suit. My suspicion was, that Hall was apprehensive that something might be done by some one. I did not consider it any reason why I should not settle with him. The first notice I had of the service of the process was when I returned home to Attleborough, the next day after the settlement."

The answers of Capron & Richardson stated, that they had contracted with Hall to run the enamel on about 100 dozen of

button plates, and had delivered to him 106 dozen plates for that purpose. He was to run the enamel on them, and when they should be finished, the firm were to pay him a fair price for the work. The work was put to him as one job. At the time of the service of the trustee process, Hall had put the enamel on 24 dozen of the plates and returned them, and had in his hands the remaining 82 dozen. He afterwards finished those plates, but refused to deliver them, unless the whole work should be paid for, and he was accordingly paid in full.

The answer of Dennis Everett was similar to those of Capron & Richardson, except that Hall had not been paid by him.

*Coffin*, for the plaintiffs.

*Wilkinson*, for the trustees.

PER CURIAM. Upon these answers, the court are of opinion that the trustees must be discharged.

The debt due from Blackinton & Co. was paid, *bonâ fide*, and without knowledge of the service of the trustee process. Rev. Sts. c. 109, § 5. *Williams* v. *Marston*, 3 Pick. 65. *Wood* v. *Bodwell*, 12 Pick. 268.

As to the others, the contract was entire, and was not completed ; and no *pro rata* wages were earned. At the time of the service of the writ, therefore, there was no subsisting debt from the trustees to the principal defendant, either due, or to become due and payable afterwards.

*Trustees discharged.*