Gaines, Associate Justice.
Appellants, who were plaintiffs in a garnishment proceeding in the court below, appeal from a judgment allowing appellees, who were the garnishees an attorney’s fee of ten dollars for preparing their answer. The answer was to the effect that respondents owed the debtor nothing, and prayed that they be discharged with a reasonable compensation for making it. It was signed by attorneys for the garnishees, sworn to by a member of the firm, and was not contested by plaintiffs.
Our statute provides that, “where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff. (Rev. Stats., art. 219.) By compensation is meant a sufficient sum to remunerate the garnishee for expenses necessarily incurred in protecting his interest in the proceeding. *499 That reasonable attorney’s fees is a necessary expense in every case, we have no doubt. A person unskilled in the law is not to be expected to prepare a written answer under our statutes which would secure him from liability, although he owed nothing to the defendant in the original proceeding. Besides, many cases arise in which his liability is doubtful, and the advice and assistance of counsel are necessary to shield him from the danger of his having to pay his debt twice. Whatever else it may include, we are clearly of the opinion that the statute was intended to cover a reasonable fee to the .garnishee for the services of an attorney in assisting him in the proceeding. (Holbrook v. Waters, 19 Pick., 354.)
Opinion delivered June 17, 1887.
But it is insisted that the court had no power to make the allowance without hearing evidence as to the nature and value of the services rendered. This we think a mistake. It would certainly be competent for the court to demand evidence if it saw proper, and in some cases this might be necessary; but it is to be presumed that the court is sufficiently acquainted with the value of professional services in preparing a garnishee’s answer which is presented to it without hearing testimony. It being the rule in Pennsylvania that the stipulation in a mortgage for a fixed compensation as attorney’s fees in case of default, is to be deemed in the nature of a penalty, and that under it only reasonable attorney’s fees may be received, the Supreme Court of that State held that the amount may be assessed by the court without the aid of extrinsic evidence. (Daly v. Maitland, 88 Pennsylvania State, 384.) In the opinion in the case cited, Chief Justice Sherwood says: “ The court, from a practical knowledge of professional work, are able to say in every particular case what ought to be the compensation or rate of commissions for collecting a debt by suit.”
Litigants who have to pay attorney’s fees in such cases are not apt to lose by leaving the amount to the determination of the court. It is likely to be less than that established by the testimony of the experts, who are alone competent to testify as to the value of such services.
We have no doubt that appellants had the right to introduce evidence to show that a sum less than that awarded by the court was reasonable, but no offer to do this was made.
For the reasons stated we find no error in the judgment, and it is affirmed. Affirmed.