| 71 | 143 |
|----|-----|
| 76 | 117 |
| 71 | 143 |
| 79 | 31 |

## No. 5905.

## W. L. MOODY & CO. *v.* J. A. CARROLL.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS.—When an assignment for the benefit of creditors is made the law becomes part of the deed of assignment and will control the assignee in the administration of the assets, although some of the terms of the deed are at variance with the law.

2. ASSIGNMENT FOR BENEFIT OF FIRM CREDITORS.—If it be shown that creditors of the individual members of the firm are in no way provided for in the assignment such omission would not avoid it, and the individual creditors could maintain their rights as creditors against the assignee.

3. SALES ON CREDIT.—Where, for advantage of the estate an assignee could be made to sell on credit, and a provision so directing sales would not render an assignment void. (66 Texas, 329, Schooler v. Hutchins.)

4. FRAUDULENT CONVEYANCE.—Nor will a fraudulent conveyance, etc., by creditor affect the assignment. The assignee or creditor may contest such sales.

5. ASSIGNMENT.—Provisions for payment of costs and expenses before payment of creditors, and that if after all creditors are satisfied there be a remnant, that it be restored to the maker, are but provisions which would be supplied by the law and are harmless.

6. GARNISHMENT OF ASSIGNEE.—No creditor can by attachment or garnishment divert the estate in hands of the assignee under a legal assignment, or subject it to any other than the creditors entitled under the assignment.

7. GARNISHMENT OF ASSIGNEE—PRACTICE.—Garnishment proceedings against an assignee should be held over until accepting creditors are paid so as to allow the garnisher whatever priority of right his proceedings may secure. (Lovenberg v. Bank, 67 Texas, 448.)

APPEAL from Denton. Tried below before Special Judge A. H. Fields, the District Judge, F. E. Piner, being disqualified.

The opinion gives the facts.

*Owsley & Walker,* for appellants : The court erred in failing to hold that the deed of assignment from Fain, Peery & Shelton to J. A. Carroll, as set out in plaintiff's contest to defendants' answer, was void on its face for the reasons:

1. It authorizes the assignee to sell the assigned goods on credit.

2. It undertakes to distribute the remnant, after paying consenting creditors, in opposition to the terms and provisions of law.

3. The assignors, by the distribution provided for in said assignment, exclude from the benefits of the assignments their individual creditors, and reserve an interest for themselves.

4. It undertakes to create a class of creditors not recognized by law, to wit, a class of non-consenting creditors who receive benefits from the assignment.

5. It reserves an interest in the grantors to the exclusion of all non-consenting creditors, and the court also erred in failing to hold that said assignment was void on the other grounds set out by plaintiffs in their said contest to defendant's answer herein, and in failing to overrule defendant's general and special demurrers, and in dismissing this cause.

An assignment for the benefit of creditors, made by a firm which purports to convey the individual property of each member of the firm, as well as the firm property and which by its terms limits the benefits of the assignment to firm creditors only is void.

A deed of assignment for the benefit of creditors is a contract between the assignor and assignee, and the powers and duties of the assignee are limited and controlled solely by the provisions and terms of the assignment. (In the matter of Lewis, 81 New York, 424.)

A deed of assignment which by its terms and provisions contravenes the terms and policy of the statute regulating assignments for the benefit of creditors is void. (Blum v. Welborne, 58 Texas, 161; La Belle Wagon Co. v. Tidball et al., 1 Texas Law Review, 283; Max Stadler & Co. v. J. A. Carroll, Federal Reporter; Mullen v. Norton, 19 Federal Reporter, 719; Lawrence v. Norton, 15 Federal Reporter, 857; 5 Northwestern Reporter, 909; 7 Northwestern Reporter, 282; Jaffrey v. McGehee, 107 U. S., 364; Scofield v. Johnson, 11 Federal Reporter, 297; 37 Arkansas, 150; 3 McCreary, 551; Bartlett v. Teal, 1 McCreary, 176; Hordeman v. Bowen, 39 N. Y., 197.)

COLLARD, JUDGE. The principal question for determination in this case is: Is the assignment made by Fain, Peery & Shelton to J. A. Carroll, for the benefit of creditors void on its face? It is a general assignment of all partnership and individual property of every kind for the benefit of all creditors of the firm, providing for such creditors as accept under it, requiring bond of assignee, and in all its provisions indicating that the intention was to assign under the statute.

When such an assignment is made it comes under the statute and must be executed in the manner provided by the statute, even though some of its terms may be at variance with the law. The law becomes part of the deed, and will control the assignee in the distribution and management of the estate. He becomes an officer of the law and must be governed by it under direction of the court. (Fant v. Elsbury, 68 Texas, 6; Schoolher v. Hutchins, 66 Texas, 328 and 9.) The creditors can compel the assignee to conduct the administration as the law provides, and can maintain their rights in the courts, whether the instrument of assignment designates them or not. It does

not appear that there were any creditors of the individual members of the firm; but if there were, we do not understand the law would require us to hold the assignment void. They would be included by the law, and could enforce their rights, whatever they might be, by suit against the assignee—without disturbing the assignment or having it declared illegal.

It is contended that the assignment is void because it provides that the assignee is authorized to sell the property on a credit. If any clause in the deed could be so construed it would not for that reason be held void. The creditors can compel the assignee to administer the estate for the best interest of all concerned.

The question was before the Supreme Court, in Keller v. Smalley & Harris, 63 Texas, 516. Justice Stayton, in that case said: "Cases may arise in which for many reasons, sales on a credit would best subserve the interests of all, and in such case the creditors could compel the assignee so to sell; and, on the other hand, cases may arise in which it would be to the advantage of creditors that the property should be sold for cash, and in such case the assignee, who might desire or intend to sell on a credit, could be compelled to sell for cash. The rules by which the validity of assignments not statutory are to be determined, have not conclusive application to assignments made under the statutes."

The court referred to the amended act of 1883 as authority for the decision, in which it is declared "that no fraudulent act, intent or purpose of the assignor or assignee shall have the effect to defeat the assignment or deprive the creditors consenting thereto from the benefits thereof, but any such fraudulent act, intent or purpose on the part of the assignee shall be sufficient for his removal."

The foregoing amendment contains only the principles that were announced in 1882 by the Supreme Court in the case of Leon & H. Blum v. Welborne (58 Texas, 162, 163), where it is held that no act of the assignor or assignee, or of both, at the time the assignment is made, or preceding it, but in contemplation of it, done with intent to defeat, delay or defraud creditors will authorize a creditor to treat the assignment as void, etc. The amended act of 1883 (sixth section) is then only declaratory of the law as it was before. We are not called upon to add any additional argument for holding that an assignment conferring the power upon the assignee to sell the prop-

erty on a credit will not render the assignment void. It is settled by the authorities referred to. The estate will be managed according to the best interests of the creditors, regardless of the directions given in the assignment. (Schoolher v. Hutchins, 66 Texas, 329.) It has also been decided that property fraudulently conveyed, or debts fraudulently secured and preferred in contemplation of insolvency, will not vitiate the assignment. (Blum v. Welborne, supra.) The statute itself is explicit upon the question. It provides that all property conveyed or transferred by the assignor previous to or in contemplation of insolvency, with intent or design to defeat, delay or defraud creditors, or to give preference to one creditor over another shall pass to the assignee by the assignment. The assignee, or in case of his neglect or refusal, any creditor of the estate, may sue and recover the property and subject it to the assignment. This statute needs no interpretation; it is full authority for holding that any attempt on the part of Fain, Peery & Shelton to prefer creditors by sale of property or deeds of trust in contemplation of assignment, or at the time it was made, would not vitiate the assignment. The sales and preferences so made would be void if the benficiaries knew of the fraudulent intent, or had reason to believe it. (See sec. 9 of the act in relation to assignments, General Laws of 1879, p. 59.) No injury could result to the creditors. They could set aside such preferences by suit.

It is claimed that the assignment is void because it directs the assignee to pay first, all expenses, rents, taxes and assessments due and to become due on lands until sold. The law would require the assignee to pay all expenses of the execution of the trust, and all taxes due and to become due upon the property while it is in his hands; also the rents to become due for such time. These matters are costs and must be first paid. The rents due would be a preferred claim upon the rented property, and if properly probated would have to be first paid after costs and expenses out of the proceeds of the property rented. The direction as to payment of such rents would not necessarily be void. As to such claim the assignee would be governed by the law of rent liens, the probate of the claim, and the time in which it was probated. The language of Chief Justice Stayton in Schoolher v. Hutchins, supra, page 329, is here applicable. He says: "If, however, the deed of assignment attempted to confer powers which, under the law, an assignee

could not legally exercise in the execution of that trust, this would not be sufficient reason for holding the assignment invalid. When an assignment is made under the statute the rights of creditors vest and they can compel the assignee to exercise the powers which the law expressly or by implication confers upon him, as they can restrain him if he attempts to exercise powers which the law does not confer upon him.

The same may be said of the direction in the deed, to pay any balance that may be in the hands of the assignee after discharging the debts of accepting creditors to other creditors pro rata. The assignee can not execute such power, the law makes the excess subject to garnishment. (Sec. 8 of the act of 1879.) The power expressed in the deed is void and can not be enforced; it will be so treated without rendering the whole assignment void. It will be the duty of the assignee to execute the trust according to the law, ignoring the illegal power conferred upon him.

It is also claimed by appellants that the deed is void because it requires the residue of the estate after all debts of every kind have been paid or satisfied to be returned to the assignors. This only directs the assignee to do what the law requires him to do. It reserves no benefit to the assignors to the detriment of the creditors. It is not fraudulent and can not affect the execution of the deed of assignment.

We have reviewed every objection to the assignment that need be noticed, and our conclusion is that it is not void, and there was no error in the court's so holding. Such being the case no creditor could by process of attachment or garnishment take the assigned estate or any part of it out of the hands of the assignee, and compel its application to the payment of his debt. After the trust has been fully executed, if there should be any excess, non accepting creditors may have it applied by garnishment. Until then they can not interfere with the assignment proceedings. The answer of the assignee was sufficient to entitle him to a discharge from any claim of the garnishors until the trust was fully executed according to law; but the garnishment proceeding should be allowed to stand until accepting creditors are satisfied or paid, and so give the garnishors any precedent rights they may have over other garnishments against any fund or property that may remain in the hands of the assignee after he has executed the trust, and an order should be entered to that effect. (Lovenberg v. Bank,

67 Texas, 438.)   This, however, was not the object of the garnishment or of this appeal, and hence, we conclude the appellants should pay the costs of this appeal; the costs of the court below and the two hundred dollars accorded the garnishee as compensation to be included as costs.   (Rev. Stat., 219.)

The judgment of the lower court is reformed and affirmed accordingly.

*Reformed and affirmed.*

Opinion adopted May 15, 1888.

Stayton,
*Chief Justice.*