## DALLAS PACKING CO. v. KIMBERLING et al. (No. 7041.)*

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1926. Rehearing Denied Dec. 15, 1926.)

1. **Garnishment 🔑158—Debtor cannot traverse answer of nonresident garnishee, admitting assets which debtor had assigned to others not joined in suit (Rev. St. 1925, art. 4094 et seq.).**

Where debtor, having assigned all of fund in hands of nonresident garnishee, sought to controvert that garnishee's answer, by virtue of Rev. St. 1925, art. 4094 et seq., concerning money in its hands, such action would not amount to traversing garnishee's answer, debtor not having asked that its assignee be made party.

2. **Garnishment 🔑158 — Defendant to main suit cannot traverse answer of garnishee admitting indebtedness to be applied to pay defendant's debt (Rev. St. 1925, art. 4094 et seq.).**

Where garnishee answers that it owes defendant, in main suit, who denies indebtedness, amount which is applied by judgment to payment of defendant's debt in suit, he is in no manner injured, and therefore not entitled to traverse garnishee's answer, under Rev. St. 1925, art. 4094 et seq.

3. **Garnishment 🔑235(1)—Judgment against garnishee cannot be attached on grounds not pleaded.**

In garnishment proceedings, contention of defendant that judgment against garnishee was fundamentally wrong because depriving defendant of right to prefer one creditor to another, and because of garnishee's bias in refusing to pay defendant's creditor earlier, so as not to entitle garnishee to recover attorney's fees for answer in writ, held without merit, defendant not having pleaded such matters.

4. **Garnishment 🔑191—$25 attorney's fee allowed garnishee, whose answer admitting indebtedness was not properly controverted, held proper (Rev. St. 1925, art. 4100).**

In garnishment proceedings, award of $25 attorney's fee held proper, under Rev. St. 1925, art. 4100, providing for reasonable attorney's fee where garnishee's answer has not been controverted and garnishee is held liable in garnishment proceedings; defendant to main suit having admitted, in answer and affidavit controverting garnishee's answer, such amount to be reasonable.

5. **Garnishment 🔑191—Costs are not matters subject to be controverted to deprive court of jurisdiction over fund held by nonresident garnishee.**

Costs are not included in matters which may be controverted or contested so as to deprive court in which main suit is pending of jurisdiction over garnishment fund held by nonresident garnishee, court being interested in fund or property in garnishee's possession, and costs being required to abide decision, whether or not garnishee's answer is controverted.

Error from District Court, Tom Green County; J. F. Sutton, Judge.

Action by R. A. Kimberling and others against the Dallas Packing Company, in which plaintiffs recovered judgment. Pending suit, plaintiffs issued a writ of garnishment to the American Exchange National Bank, Dallas, Tex. From a judgment for plaintiffs against garnishee, in which it was recited that no one intervened or controverted garnishee's answer, defendant brings error. Affirmed.'

Ballowe & King, of Dallas, for appellant.
Thomas & Lewis, of San Angelo, for appellees.

BLAIR, J. The parties will be designated appellant and appellees.

By its motion for a rehearing, appellant sets up new matters, which require additional findings from the record, and for that purpose we withdraw our opinion of November 17th, and substitute this one in lieu of it. We adhere, however, to our former judgment affirming the trial court's judgment, and therefore overrule the motion for a rehearing.

Appellees sued appellant for debt and recovered judgment for $2,563.49. Pending the suit appellees issued a writ of garnishment to the American Exchange National Bank of Dallas, Tex., who answered that it owed appellant $300, subject to the alleged claims, among others, of A. A. Long and P. P. Ballowe; that it was disinterested and merely occupied the position of stakeholder, ready to pay the fund to whom the court might direct, and asked for $200 attorney's fees for answering the writ. Appellant, who was defendant in the main suit, filed what was designated "Amended answer controverting the answer of garnishee," denying that garnishee was indebted to it, alleging that it had by check assigned the $300 to A. A. Long before garnishment, and that garnishee arbitrarily refused to honor the check when presented for payment. Appellant did not ask that its assignee be made a party to the suit. Appellant also alleged that the $200 attorney's fee was exorbitant and unreasonable, but that $25 or less would be reasonable, and prayed, first, that, because appellant traversed the nonresident garnishee's answer, the court was without further jurisdiction, and that the cause be transferred to the county of garnishee's residence; and, second, in the alternative, that judgment be rendered for A. A. Long and P. P. Ballowe for the $300 and for costs of suit. Just why appellant asked for judgment for P. P. Ballowe is not shown by its pleadings. P. P. Ballowe appeared as counsel for appellant in the case both in the trial court and in this court. The trial court construed these pleadings and rendered judgment for appellees against garnishee bank for the $300, out of which costs, including garnishee's attorney's fee for $25, were to be first paid. The judgment recites that no one intervened or controverted garnishee's answer who had any interest in the fund. By this appeal appellant assigns fundamental error solely, which is addressed to the jurisdiction question.

[1] In our former opinion we held that appellant's answer and controverting affidavit did not, in fact, traverse garnishee's answer, but that such pleadings admitted every material fact contained in garnishee's answer, and was simply an attempt on the part of appellant to set up defenses for persons who were not parties to the suit and for whom appellant had no right to appear to defeat appellees' right to the garnishment fund. We still maintain this view. We further held that, since appellant has assigned all its interest in the impounded fund, it had no authority to traverse garnishee's answer by virtue of article 4094 et seq. which provide that where a nonresident garnishee's answer is traversed by any party to the suit, or by any party interested in the fund held · by garnishee, the issues so raised must be tried in the county of garnishee's residence. We also held that, since appellant did not ask that its assignee be made a party in order that his interest might be adjudicated, it must abide the result of the suit.

[2] These propositions follow the well-settled rule that where a garnishee answers that it owes the defendant in the main suit, who denies the indebtedness, the amount of which is applied by the judgment to payment of defendants' debt in suit, he is in no manner injured, and therefore not entitled to traverse garnishee's answer. Baughn v. J. B. McKee & Co. (Tex. Civ. App.) 124 S. W. 732, and Canfield v. Wright (Tex. Civ. App.) 267 S. W. 301.

[3] Appellant now seeks to avoid the force of these authorities and its former position that the court could not even so much as examine garnishee's answer to ascertain if it was controverted, by showing an interest in the fund, contending that the judgment is fundamentally wrong, first, because it deprives appellant of the right to prefer one creditor to another; and, second, that because of garnishee's bias in refusing to pay the money to A. A. Long, it was not entitled to recover attorney's fees for answering the writ. Both contentions are wholly without merit, because appellant pleaded no such matters. There is no allegation that garnishee should not recover attorney's fees because of bias, but because they were excessive only, and no relief was prayed for. And in reference to the first contention, if it had been specifically pleaded, it would have added nothing to what has already been urged as appellant's interest in the fund. The fact still remains that appellant has assigned all his interest in the fund to a person whom he

did not see fit or proper to implead in this suit in order that his interest, either as a preferred creditor or otherwise, might be adjudicated. But that issue was not with garnishee. It was an issue between appellees and the alleged assignee or claimant of the fund. If, in fact, the fund was assigned as alleged, the assignee has his recourse, and may assert every right to the fund contended for by appellant, including that of a preferred creditor.

[4] In further reference to the attorney's fee claim, article 4100, R. S. 1925, provides that where garnishee's answer has not been controverted and garnishee is held thereon, garnishee shall be entitled to recover against defendant all costs, including a reasonable attorney's fee. Costs and attorney's fees are therefore matters of statutory right, the amounts of which are fixed, except that the attorney's fee must be reasonable. The court allowed a $25 attorney's fee in this case. Appellant's answer and controverting affidavit admit that amount to be reasonable.

[5] We also think that by reason of the provisions of the statute, supra, it follows that costs are not included in matters which may be controverted or contested so as to deprive the court in which the main suit is pending of jurisdiction over the garnishment fund held by a nonresident garnishee. The thing the court is interested in is the fund or property in garnishee's possession; and costs is a matter which, by this statute, must abide the decision, whether or not the answer is controverted.

Affirmed.

Motion for rehearing overruled.