**HOFMANN PAINT MANUFACTURING COMPANY, Appellant,**

v.

**PAINT COTTAGE, INC., et al., Appellees.**

No. 11883.

Court of Civil Appeals of Texas, Austin.

Nov. 24, 1971.

Rehearings Denied Dec. 8 and Dec. 15, 1971.

---

Alvis & Carssow, John F. Campbell, Austin, for appellant.

Stayton, Maloney, Black, Hearne & Babb, Kent M. Rider, Wroe Owens, Phil Mockford, Austin, for appellees.

PHILLIPS, Chief Justice.

Paint Cottage, Inc., Garnishor, filed a Writ of Garnishment against Anken Construction Company, Garnishee, to recover for debts owed Garnishor by M. N. Myers and M & M Paint Company, the Debtor in this case. Hofmann Paint Manufacturing Company, Intervenor herein, intervened in the suit asserting a superior right to any monies due Debtor.

Garnishee was general contractor on Willowcreek Hills Apartment project. Debtor was sub-contractor on the job. Intervenor was the material supplier to Debtor. Debtor's debt to Garnishor is wholly unrelated to the Willowcreek project.

The contract price for work to be performed by Debtor for Garnishee was $80,147.00. The Writ of Garnishment was filed August 14, 1970, at which time Debtor had completed $68,603.00 of the work and had been paid $63,125.00, which according to the retainage agreement (10%), indicated that Debtor was overpaid $1,328.00. At that same time Debtor owed Intervenor $9,827.88 for materials which Intervenors had delivered to Debtor for use on Willowcreek Hills Apartment project.

At the time Garnishee filed its answer to the Garnishment, Garnishee was holding $5,538.00 as retainage from Debtor.

Roach Paint Company began to supply Debtor just prior to the time the Writ of Garnishment was filed, and at the time of the initial hearing on the Writ, September 16, 1970, Debtor owed Roach $3,460.10. Garnishee also entered into a written agreement with Roach Paint Company to issue joint checks to Roach and Debtor to secure Roach in its material deliveries. Roach filed a lien on the property. By agreement Roach is to receive $2,000 out of the proceeds retained by Garnishee.

Intervenor's debt is for materials furnished on the Willowcreek project. Garnishee orally assured Intervenor that it would keep money available to pay Intervenor for materials which it had delivered to Debtor.

A hearing was held on September 16, 1970 at which time the court entered an order freezing the retainage funds and ordering that any future payments to Debtor be subject to the surveillance of the court. Garnishor took judgment against Debtor on November 3, 1970. In its order of September 16, 1970, the court had ordered Garnishee to file a supplemental answer on completion of the job and this answer showed a balance due on Debtor's contract of $8,791.05 which was tendered into the registry of the court.

On final hearing, the court entered an order establishing five classes of priorities as follows: $500 to Garnishee's attorney; $2,000 to Roach Paint Company; $5,155.23 to Garnishor; all costs to be taxed out of the $8,791.05; and the balance, if any, to be paid to Intervenor.

Appellant is before us on three points of error. The first is that of the court in allowing the Garnishor, Paint Cottage, Inc. to recover sums which the Garnishee did not owe at the time the Garnishee filed its answer.

We sustain this point.

A Writ of Garnishment captures funds up until the time of the first answer. The amount that can be reached is fixed as of that date. The contract before us was not divisible, the sums or amounts payable were undeterminable, consequently these amounts were contingent. Medley v. American Radiator Co., 27 Tex.Civ.App. 384, 66 S.W. 86 (Tex.Civ.App.1901, writ ref'd).

Appellees cite Carter v. Bush, 79 Tex. 29, 15 S.W. 167 (1890) for the proposition that a garnishment proceeding can be delayed until the garnishee "has fully executed his trust" and then to require of him a supplemental answer. Then any property in his hand could be adjudged to be delivered according to the statute. This is, apparently, what the trial court did here. Medley distinguishes Carter in that a trustee in Carter named in a deed of trust for the benefit of creditors was served with a Writ of Garnishment for the purpose of subjecting the surplus remaining after the secured debts had been paid. This held, in effect, that, if there was a surplus in value, it existed at the time of the garnishment and was the property of the debtor at that time. The ultimate sale of the goods simply demonstrated the existence of the surplus at the time of the answer.

As Medley stated, there is no liability subject to more contingencies than the balance which may become due on an uncompleted building contract. Neither the answer of the garnishee, nor the facts adduced in evidence disclosed that at the date of the original answer to the writ a sufficient amount subject to garnishment was due or had accrued at that time. According to the terms of the contract between Garnishee and the Debtor, no sums of money were owed to the Debtor at the time pertinent to the garnishment proceeding, Annot., 2 A.L.R. 506, 508 (1919); Annot., 82 A.L.R. 1115, 1117 (1933); Annot., 22 A.L.R.2d 1343, 1347 & 1357 (1952).

Nor are we impressed with Appellees' counterpoint that Appellant's first point of error is not properly before this Court since Appellant failed to comply with Rule 373,[1] Texas Rules of Civil Pro-

---

1. "Exceptions Unnecessary

Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or

cedure. Appellees contend that there was no objection urged on September 16, 1970 to the court's continuation of the case or after February 3, 1971 to the filing of a supplemental answer, that, therefore, Appellant cannot be heard to complain now. At these times Appellant was faced with interlocutory orders. He did properly complain of the court's action at time of final judgment. Consequently, the point was preserved on appeal. Rule 374, T.R.C.P.[2]

Due to our disposition of Appellants' first point of error we do not reach their second point [3] which concerned the priorities of liens adjudged by the court.

■■■ We overrule Appellant's third point complaining of the action of the court in allowing Garnishee's attorney to recover attorney's fees contrary to Rule 677, T.R.C.P.[4] We also overrule Appellant's point number four complaining of the allowing of attorney's fees to Garnishee's attorney inasmuch as there is no evidence to support the award.

Appellant contends that Garnishee is a litigant herein, consequently, the costs should abide the issue. We do not agree. Garnishee here is no more than a stakeholder to the suit. Nor was it necessary for his attorney to present evidence to support the award. We rely on Johnston et al. v. Blanks et al., 68 Tex. 495, 4 S.W. 557 (1887), where the rule is that the statute [5] allowing "reasonable compensation" to the Garnishee who is discharged, entitles him to reimbursement for such sum of money as he was required to expend in protecting his interest in the garnishment proceeding and that this must be held to include reasonable attorney's fees. In making this allowance the court may demand evidence showing what amount of fees had been paid or contracted for but the trial judge may be presumed to know the value of professional services, and his failure to require evidence on that point will constitute no ground for a reversal of the judgment. The plaintiff has the right, if he should think the amount allowed by the judge too large, to offer evidence that a less amount would be reasonable.

We reverse that portion of the trial court's judgment allowing the writ to be granted and render judgment ordering the writ quashed. We affirm that portion of the court's judgment allowing Garnishee's attorney attorney's fees.

Reversed and rendered in part and affirmed in part.

---

order at the time it is made, the absence of an objection does not thereafter prejudice him."

2. "Assignments of Error
The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or. writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived. Complaint of the action of the court on all matters arising under circumstances where no motion for new trial is required by these rules, if relied upon on appeal, shall be included in the statement of points in the brief as hereinafter provided, and in such cases no assignments of error shall be necessary."

3. "This case should be reversed because the court allowed the GARNISHOR,

Paint Cottage, Inc., a priority to construction funds over a materialman, contrary to Article 5472e, of Vernon's Annotated Texas Statutes."

4. "Costs
Where the garnishee is discharged upon his answer, the cost of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest."

5. Article 219, Revised Statutes, 1879 is for all practical purposes identical to Rule 677, T.R.C.P.