**PAN AMERICAN NATIONAL BANK,**
**Appellant,**

v.

**Joe RIDGWAY, Appellee.**

No. 15046.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 12, 1972.

Rehearing Denied Jan. 26, 1972.

Brenan & Brenan, San Antonio, for appellant.

Gray, Gardner, Robison & Cobb, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellee, Joe Ridgway, filed a garnishment suit against Pan American National Bank, appellant herein [hereinafter referred to as garnishee], based upon an unsatisfied judgment in favor of appellee against Robert W. Meadows [hereinafter called defendant] in the amount of $6,812.30. Garnishee timely filed its answer admitting that it was indebteded to defendant Meadows in the sum of $1,547.48, and asked for recovery of $250.00 attorneys' fees as reasonable costs. Such answer was not controverted. Appellee filed a motion for judgment asserting that there were no disputed fact issues. Upon a hearing of such cause, judgment was rendered in favor of appellee against garnishee for the sum of $1,547.48, together with interest from date of judgment until paid at the rate of 6% per annum, and all costs of court. In such judgment, the court held that the garnishee is not entitled as a matter of law to recover its costs in the proceeding.

Garnishee's sole point of error is that the trial court erred in holding that it should pay the court costs and the attorneys' fees incurred by it in the garnishment action.

The provisions for the payment of costs in garnishment suits are set forth in Rule 677, Texas Rules of Civil Procedure, which provides: "Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the *defendant* and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest." (Emphasis supplied).

There are many Texas cases holding that the reasonable compensation to which the garnishee is entitled includes reason-

able attorneys' fees. In Johnson & Co. v. Blanks, 68 Tex. 495, 4 S.W. 557, 558 (Tex.1887), the Court said: "By compensation is meant a sufficient sum to remunerate the garnishee for expenses necessarily incurred in protecting his interest in the proceeding. That reasonable attorney's fees is a necessary expense in every case we have no doubt . . . . Whatever else it may include, we are clearly of the opinion that the statute was intended to cover a reasonable fee to the garnishee for the services of an attorney in assisting him in the proceeding." See also: Carter Bros. & Co. v. Bush, 79 Tex. 29, 15 S.W. 167 (Tex.1890); Curtis v. Ford, 78 Tex. 262, 14 S.W. 614 (Tex.1890); Willis & Bro. v. Heath, 75 Tex. 124, 12 S.W. 971 (Tex. 1889); Moody v. Carroll, 71 Tex. 143, 8 S.W. 510 (Tex.1888); Hanson v. Guardian Trust Co., 150 S.W.2d 465 (Tex.Civ.App. —Galveston 1941, writ dism'd); May v. Donalson, 141 S.W.2d 702 (Tex.Civ.App. —San Antonio 1940, no writ); Dallas Packing Company v. Kimberling, 289 S.W. 149 (Tex.Civ.App.—Austin 1926, writ ref'd); Reed v. First State Bank, 211 S. W. 333 (Tex.Civ.App.—Dallas 1919, no writ); 27 Tex.Jur.2d, Garnishment, Section 125.

This Court in May v. Donalson, supra, said: "The costs incurred by the plaintiff in the garnishment proceeding include the garnishee's attorneys' fees, and the plaintiff may be called upon to pay this amount in the event it can not be collected from the defendant, and this is true even though all of the costs are adjudged against the defendant. In this respect, attorneys' fees are comparable to the fee of a guardian ad litem and the same rules will be applied. Ashe v. Youngst, 68 Tex. 123, 3 S.W. 454." [1] 141 S.W.2d at 707.

■ By the clear provisions of Rule 677, supra, the costs should have been taxed against defendant, and the court erred in not doing so. Such costs under the authorities herein cited include reasonable attorneys' fees incurred by the garnishee.

■ Garnishee asks that that we reform the judgment of the trial court so that garnishee be awarded court costs, including reasonable attorneys' fees of $250.00. It asserts that since the defendant has been adjudged insolvent, the judgment should provide that execution may issue against appellee for the garnishee's costs. There is nothing in the record pertaining to the matter of insolvency of the defendant,[2] nor is there any proof in the record of the reasonableness of the attorneys' fees.

The judgment of the trial court is reversed and remanded to the trial court..

---

1. This case was tried when Article 4100, Tex.Rev.Civ.St. (1925) was in force and effect, but such statute is identical in wording to Rule 677, T.R.C.P. Another case construing Article 4100 is Dallas Packing Company v. Kimberling, supra, in which case plaintiff Kimberling was a holder of a judgment for $2,563.49 against Dallas Packing Company. A writ of garnishment was issued to the American Exchange National Bank of Dallas pending suit, who answered that it owed defendant Dallas Packing Company $300.00 and asked for $200.00 attorneys' fees for answering the writ. The trial court rendered judgment against the garnishee bank for $300.00 out of which costs, including attorney's fees in the amount of $25.00, were to be first paid. The appellate court affirmed the judgment of the trial court, and with regard to attorneys' fees said: "In further reference to the attorney's fee claim, article 4100, R.S.1925, provides that where garnishee's answer has not been controverted and garnishee is held thereon, garnishee shall be entitled to recover against defendant all costs, including a reasonable attorney's fee. Costs and attorney's fees are therefore matters of statutory right, the amounts of which are fixed, except that the attorney's fee must be reasonable." 289 S.W. at 151.

2. The record shows that defendant had on deposit with garnishee the sum of $1,547.48 at the time the writ of garnishment was served. In the usual case, the costs, including reasonable attorneys' fees, would first be taken from such sum with the balance thereof paid to plaintiff.