## W. A. CRADDOCK ET AL. v. W. N. ORAND ET AL.

### No. 6274.

1. **Assignment—Garnishee.**—Under the assignment law of this State a non-consenting creditor by garnishing the assignee is entitled to a discovery of the condition of the estate; and thereby he establishes his right to any excess in the hands of the assignee after the payment of prior claims, costs, and expenses of the assignment.

2. **Assignee's Bond—Sureties.**—In a suit upon an assignee's bond, brought by a non-consenting creditor, the plaintiff should show that there are or should be assets in the hands of the assignee subject to his debt, and that they are withheld.

3. **Liability of Garnishee.**—Where by judicial proceedings the assets or property assigned have been seized and the assignee thereby prevented from realizing anything, such facts are a bar to an action by a non-consenting creditor upon the bond, and the sureties are not estopped from making such defense by a judgment against the assignee in garnishment proceedings under the statute.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.

The opinion states the case.

*W. S. Holman,* for appellants, cited Acts of Leg., 1883, p. 47; Heidenheimer Bros. v. Brent, 59 Texas, 535; Caruth v. Grigsby, 57 Texas, 266; Dunlap v. Southerlin, 63 Texas, 42.

*Prater & Lindsay,* for appellees.—The appellees' (plaintiffs below) petition showed such a state of facts as would conclusively fix the liability of all the defendants therein, viz.: The facts that Wheat had assigned to Craddock for creditors; Craddock's acceptance of trust and receipt of property; execution of bond, with Bullock and Hilliard as trustees; a judgment in favor of appellants against Wheat, the assignor; writ of garnishment against Craddock, the assignee, and judgment thereon; execution thereon and return *nulla bona.* This fixed the liability of all the defendants. It shows a conclusive breach of the bond of the *assignee,* and the sureties thereon could in this suit say nothing as to that; that liability was fixed. If there was anything that would exonerate *them,* Bullock and Hilliard, from liability, they could show it in this suit— they had their day in court here. See Acts 1879, chap. 53, p. 57, §8.

Any defense that would have exempted Craddock from liability on the garnishment proceedings should have been set up by him in that case, and not being so done by him, he was afterwards precluded from relying upon them, and his sureties are also. If the sureties had anything to exonerate *themselves* in this suit, they could set it up, but they did not attempt to do so, and they could not rely on anything that would be a defense for the assignee in prior suit. Those issues were settled.

We got a judgment against Craddock *in propria persona,* for his acts done as assignee; and the other defendants were his personal sureties for such acts. The law would not allow us to have obtained a judgment against him *as assignee,* and such a judgment would have been worthless.

WALKER, ASSOCIATE JUSTICE.—September 29, 1886, appellees brought suit in the District Court of Bell County against W. A. Craddock, principal, and his sureties, B. F. Bullock and W. G. Hilliard, on the bond of Craddock as assignee of W. J. Wheat. The petition alleged in substance that on February 16, 1884, W. J. Wheat made an assignment to W. A. Craddock for the benefit of such of his creditors only as would consent to accept their proportional share of his estate, etc., and conveyed to the assignee property supposed to be worth $2250; that said Craddock qualified as such assignee, and executed a bond, with Bullock and Hilliard as sureties, in the sum of three thousand dollars, conditioned as prescribed by the statute, which was duly approved by the county judge of Bell County and filed; that on December 10, 1884, the firm of McClelland, Orand & Co. recovered a judgment in the District Court of McLennan County against said Wheat, and thereafter caused a writ of garnishment to be issued to said Craddock in order to subject any excess of such estate after the payment of consenting creditors, costs, and expenses of the trust; that on December 14, 1885, in said District Court of McLennan County, the said firm recovered a judgment against said Craddock, on account of his actings and doings as such assignee, for $624.90; that execution was duly issued upon said judgment and was returned unsatisfied; that plaintiffs are the surviving partners and owners of the judgment, and that Craddock and his sureties thereby are liable for said judgment.

The defendants demurred to the petition, and for special exceptions urged that the petition failed to show that Craddock as assignee had ever received any property of Wheat that would be liable to the payment thereof, or to show that the conditions of the bond had not been complied with; that it failed to allege the value of the assets, the consenting creditors, the expenses of executing the trust, and its failure to allege any excess in the hands of the assignee. The exceptions were overruled.

In answer defendants, among other things, alleged that soon after the assignment, March 26, 1884, the sheriff of Bell County levied an attachment in suit of McIlhenny Co. for $1546.09 against said Wheat, upon the property conveyed in said assignment; that other attachments were also levied upon the property subject to the first levy; that Craddock as assignee had filed his affidavit and bond to try the title to said property, and recovered judgment, from which an appeal was taken and is pending.

That the attachment proceedings had put in abeyance further proceedings under the assignment; that the amount of indebtedness of Wheat was $4308.45; that a number of the creditors had consented to the assignment who had filed their claims, which had not been paid; that the value of the property is insufficient to pay costs, expenses, and consenting creditors, etc.

On the trial defendants offered to prove the condition of the estate,

the facts detailed in the answer.    Objections were made to the testimony. The court excluded it, holding that the sureties were concluded by the judgment against Craddock in the garnishment proceedings alleged in petition.

Other matters are presented in the record not deemed necessary to be here considered.

The conditions of the assignee's bond required by the statute are "that he will faithfully discharge his duties as such assignee, and that he will make proportional distribution of the net proceeds of the assigned estate among the creditors entitled thereto;" which bond, it is provided, "shall inure to the benefit of the assignor and creditor or creditors, who may maintain an action thereon against such assignee and sureties, in his or their own names, jointly or severally, for any breach thereof or violation of this law by reason of which such assignor or creditor shall sustain damages," etc.    Section 6, Act of July 24, 1879.    Section 8 of the act provides: "Any creditor not consenting to the assignment may garnishee the assignee for any excess of such estate remaining in his hands after the payment of consenting creditors the amount of their debts and the costs and expenses of executing the assignment."

From these extracts from the statute the rights of the parties in this case can be determined.

The garnishment proceedings in the District Court of McLennan County by the plaintiffs were in accordance with the statute, but for the purposes provided.    In answer to the writ the assignees should have disclosed the condition of the estate as to assets and the preferred claims upon them.    The proceedings determined the right of the plaintiff to any excess of the assets, at the service of the writ, in the hands of the assignee after paying consenting creditors, costs, and expenses of the trust. The sureties being liable for the payment of the assets under the law could have no interest in any litigation among creditors for priority of payment.    They are liable to suit for any breach of the bond or violation of the assignment law by the assignees by which the creditors have suffered damage.

In absence of any negligence in realizing upon the assets the non-consenting creditor (the law prescribing the order of payment and designating claims having priority) could only be injured when there is an excess of funds on hand after the payment of the consenting creditors and the costs and expenses of the assignment, and of others, if any, who may have fixed a right of priority in such excess, and when under such conditions the assignee had failed to pay over such excess to which the creditor has fixed his right.    The petition, therefore, was subject to the exceptions urged by the defendants.

Our courts have never passed upon the question raised in this case upon the effect of the judgment against the principal as affecting his

sureties under the assessment law. Touching the general question a standard author gives the condition of authorities: "Although there is a conflict of authority on the subject, it seems to be the better opinion that except in cases where, upon the fair construction of the contract, the surety may be held to have undertaken to be responsible for the result of a suit, or when he is made privy to the suit by notice and the opportunity being given him to defend it, a judgment against the principal alone is, as a general rule, evidence against the surety of the fact of its recovery only, and not of any fact which it was necessary to find in order to recover such judgment." Brandt on Suretyship and Guaranty, sec. 524. See also Freeman on Judgments, sec. 100.

As the purpose and effect of the garnishee process against the assignee is declared by the statute, the sureties had no interest in the contention which might arise in such proceedings, and they were not necessary or proper parties thereto. Accordingly, when sued upon the bond, the sureties should have the right to negative the breach of the bond if such breach had been sufficiently alleged. If the administration of the assets by their principal had been obstructed by legal proceedings in suits by attaching creditors—seizing the property, compelling suits to regain them—if such suits be pending, thereby preventing the assignee from realizing upon the property, and that without fault of the assignee no funds were in fact in his hands subject to the judgment of plaintiffs, such facts should bar a recovery upon the bond. The objection of the plaintiffs to this testimony was improperly sustained.

The effect of the personal judgment against the principal is not before this court on this appeal. If he has so managed the controversy upon his answer to the garnishment, or if the proceedings were so conducted by his attorney, or by the attorney representing him, that through mistake or collusion he became liable regardless of the amount of assets, that is his own misfortune. But the decree does not establish beyond controversy the existence of assets subject to the judgment as against the sureties. They are acquitted when the assets have been administered under the law under which their bond was executed. The statute defines their obligation and liabilities.

It is here held, (1) that under the assignment law of this State a nonconsenting creditor by garnishing the assignee is entitled to a discovery of the condition of the estate, and thereby establishes his right to any excess after the payment of prior claims, costs, and expenses of the assignment; (2) that in a suit upon the assignee's bond by a non-consenting creditor he should show that there are or should be assets in the hands of the assignee subject to his debt and which are withheld; (3) that where by judicial proceedings the property has been seized, and the assignee thereby is prevented from realizing anything, such facts are a bar to an action upon the bond by a non-consenting creditor to compel payment

of his debt, and the sureties are not estopped from making such defense by a judgment against the assignee in garnishment proceedings against the assignee under the statute.

For the errors above noted the judgment below will be reversed.

*Reversed and remanded.*

Opinion October 30, 1888.