### SCHUMACHER CO. v. McLANE et al.
#### No. 8149.

Court of Civil Appeals of Texas. Austin.
Nov. 20, 1935.

Rehearing Denied Dec. 31, 1935.

478

W. A. Morrison, and Roy Baskin, both of Cameron, for appellant.

Henderson, Kidd & Henderson, of Cameron, for appellees.

McCLENDON, Chief Justice.

This is a garnishment proceeding originating in the justice court upon a claim for $173.72 in favor of Schumacher Company (appellant) against Sustek. Garnishment writs were issued against McLane and others (appellees) upon the theory that they were indebted to Sustek. Judgments in the justice and county courts were in favor of garnishees, and the Schumacher Company has appealed.

The controlling facts are without substantial dispute. Sustek made a general assignment for the benefit of all accepting creditors to McLane, as trustee. The assigned property consisted of a stock of merchandise, store fixtures, and accounts. McLane sold the property to a corporation of which he was general manager, and in which he owned a majority of the capital stock for $491.41. A few days later this corporation sold the property to other garnishees for $1,400. The claims of accepting creditors aggregated $3,017.15. It is not·contended that the value of the assigned property was as much as the aggregate of these claims. The Schumacher Company did not accept under the assignment.

Error, variously assigned, may be reduced to two contentions:

1. The assignment was fraudulent, in that there was a secret agreement between McLane and Sustek whereby the latter was to reacquire the property through his son.

2. The sale to the corporation was fraudulent, and McLane was therefore liable to account for the difference between the $1,400 and the $491.49 which he distributed to consenting creditors; or in any event between $1,400 and one-third of ($1,005.72) their claims.

■ Without any intimation as to the sufficiency of the evidence to support the allegations of fraud either in the execution of the assignment or in the sale to the corporation, the record would not support· a judgment for appellant for the following reasons:

"No fraudulent act, intent or purpose of the assignor or assignee shall have the effect to defeat the assignment or to deprive the creditors consenting thereto from the benefits thereof." R.S. Art. 267; Blum v. Welborne, 58 Tex. 157; 5 Tex.Jur. p. 101, § 46.

■ A nonconsenting creditor's interest in the assigned property extends only to any balance remaining after payment in full of consenting creditors' claims and proper costs .of administration. He can garnishee the assignee only for "any excess of such estate remaining in his hands after the payment to the consenting creditors the amount of their debts and the costs and expenses of executing the assignment." R.S. art. 271. Where, as here, the assigned assets are insufficient to pay the claims of consenting creditors in full, a nonconsenting creditor cannot complain of acts of the assignee in administering the estate. 5 Tex.Jur. p. 108, and authorities there cited.

Other questions presented are immaterial.

The trial court's judgment is affirmed.

Affirmed.