**MERIT CLOTHING COMPANY, Appellant,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY et al., Appellees.**

No. 7511.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 10, 1963.

Rehearing Denied Oct. 8, 1963.

T. D. Wells, Paris, for appellant.

Moore & Lipscomb, Paris, Malone, Lipscomb, Seay & Gwinn, Dallas, for appellees.

DAVIS, Justice.

This is a suit against an assignee and an insurance company as the result of a voluntary assignment for the benefit of creditors. 6 T.J. (2) 479, Sec. 4. On April 10, 1958, John W. Luttrell executed an assignment for the benefit of his creditors to all the goods, wares and merchandise of a dry goods business in Honey Grove, Fannin County, Texas, to John B. Black. To the assignment, Luttrell attached an inventory and a list of all the creditors and the amount that Luttrell owed to each. Black accepted the assignment and made an application to the county judge to fix a bond. The county judge fixed the bond at $5,000.00. Black executed the bond, but he did not file it until April 18, 1959. According to Art. 266, Vernon's Ann.Tex.Civ.St., Black was supposed to have filed the bond within five days.

On August 20, 1958, appellant sued Luttrell in the District Court of Fannin County. Luttrell filed no answer and a judgment was taken against him. Apparently the appellant had given notice to Black, the assignee, about his claim, and Luttrell went to see the attorneys who filed the lawsuit to try to make a deal with them whereby they would permit him to open up his dry goods business and make them weekly payments. No agreement was worked out, and in 1959 appellant sued Black and the Commercial Standard Insurance Company. The law that was in existence *at the time of the assignment* for the benefit of creditors governs. 6 T.J. (2) 471, Sec. 5.

The case was carried on the docket in excess of two years. During this time, appellant was trying to get a settlement of its judgment. Finally, one of the attorneys for one of the appellees in a conversation with the district judge asked him to set the case for trial. There is some argument about when the setting was made. Regardless of the date of the setting, the attorney for appellant was not notified of the setting until Friday afternoon, May 25, 1962; the case was set for trial on Monday, May 28, 1962.

At the time of the filing of the suit, there was a partnership between Frank Wear and

T. D. Wells. Their partnership was ended in April, 1961. T. D. Wells signed the original petition, took four depositions, and did all the rest of the work concerned with the case.

On the afternoon of May 25, 1962, the attorney for appellee Black called the attorney for appellant and told him that the case had been set for trial on May 28, 1962. In the course of the conversation, the attorney for appellee Black advised the attorney for appellant that he had an appointment with a doctor in Dallas on Monday afternoon, May 28, 1962, at 2:00 o'clock p. m. He did not indicate that he would contest a motion for continuance. At any rate, the attorney for the appellant, a resident of Paris, Texas, wrote a letter to the district clerk at Bonham, Texas, and enclosed a check for $5.00 for jury fee deposit. On Monday morning, attorney for appellant presented a motion for continuance based upon Rules 330(b), Vernon's Ann.Tex.Rules of Civil Procedure, to the effect that the case had been set for trial without any notice to the attorney for appellant, and that appellant could not safely go to trial. The motion for continuance was contested, was overruled, and the appellant was put to trial. Judgment was entered that appellant take nothing against the assignee Black and the insurance company, and the appellant has perfected its appeal. It brings forward five points of error.

By its first point, it says that the trial court erred in overruling his application for a continuance. It bases its point on the fact that it received no notice of the setting prior to May 25, 1962, and the case was set for trial three days thereafter, on May 28, 1962. There is no argument that appellant had no notice of the setting until the afternoon of May 25, 1962. We think it was error for the trial court to overrule the motion for continuance. Rule 330(b), V.A. T.R.C.P., Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428.

By its 3rd and 4th points of error appellant says the court erred in not holding appellees Black and his insurance company liable to a creditor where assignee had acted in concert with assignor in defrauding all of assignor's creditors, and had turned all of the assets over to assignor without paying any creditor anything, and in not holding both the appellees liable because the assignee did not file his bond until more than a year after the assignment. Art. 266, V.A. T.C.S., provides in part: " * * * if such assignee shall not within five days after the delivery of the assignment, execute an approved bond and file the same as herein provided, *such assignment shall nevertheless take effect* as against the assignor and his creditors. * * * " (Emphasis added). It appears from this provision of the statute that equity will provide a remedy whereby this creditor should be able to recover his judgment. Arts. 267 and 268, V.A.T.C.S.; Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801. The appellant further alleged that certain things were done to fraudulently defeat the claims. The assignee accepted the assignment with the inventory attached, and did not do anything except sell $35.00 worth of merchandise to pay the premium on the insurance policy and then turned the key back to the assignor. This was all done on contract in writing for the benefit of the creditors. It appears that fraud was proved. Nabours v. McCord, 97 Tex. 526, 80 S.W. 595; Fidelity Union Ins. Co. et al. v. Hutchins et al., 134 Tex. 268, 133 S.W.2d 105.

It is hoped that the error complained of in the second point will not occur in the future, because appellant had a right to be notified of the setting of his case in plenty of time to pay the jury fee and have a jury available.

By its point five, the appellant did not in truth and in fact raise a point of error. It goes to the admission of hearsay and opinion testimony obtained by leading questions. It points out no specific error complained of. There were some leading questions asked, some hearsay testimony admitted, and some opinions were expressed, but the

point as stated fails to reveal any specific error.

Points 2 and 5 are overruled.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.