COMMERCIAL STANDARD INSURANCE
COMPANY et al., Petitioners,

v.

MERIT CLOTHING COMPANY, Respondent.

No. A–9863.

Supreme Court of Texas.

March 25, 1964.

Malone, Seay & Gwinn, Dallas, Moore & Lipscomb, Paris, for petitioners.

T. D. Wells, Paris, for respondent.

STEAKLEY, Justice.

The subject matter of this case is an assignment for the benefit of creditors which is governed by Article 261 et seq., Vernon's Annotated Civil Statutes. The suit was by Merit Clothing Company, a corporation, a non-consenting creditor, who is Respondent here, against John Black, the assignee, and his bonding company, Commercial Standard Insurance Company, Petitioners here. The judgment of the trial court that

Respondent take nothing was reversed by the Court of Civil Appeals and the cause remanded. The Court of Civil Appeals was of the view that the trial court erred in overruling Respondent's motion for continuance; that equity provided Respondent a remedy resulting from the fact that the bond of assignee was not filed within five days after delivery of the assignment; and that fraud was established. 371 S.W.2d 59. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

On April 10, 1958, the debtor, John Luttrell, executed an assignment for the benefit of creditors to all of the goods, wares and merchandise of his dry goods store in Honey Grove, Texas. John Black was named as the assignee. An inventory and list of creditors was attached to the assignment. The inventory valued the assets at approximately $4,175.00 and listed debts in the sum of $7,708.90. The County Judge fixed the bond of Black in the amount of $5,000.00. The bond was executed on April 16, 1958, and approved by the County Judge on April 21, 1958. It was not actually filed, however, until April 18, 1959.

The actual value of the assets delivered to Black, as assignee, was a contested fact issue. There was testimony that this valuation included a ten per cent profit markup, together with merchandise of the value of $849.25 previously levied on under an execution. There was also testimony concerning two burglaries which occurred during the time the assets were in the hands of the assignee in which approximately $1,-000.00 of the merchandise was stolen. Black resigned as trustee on April 20, 1959, after unsuccessful attempts to dispose of the merchandise and after filing his final report. It is unclear from the evidence whether at such time he returned the keys to the building to the assignor or to the landlord. In any event, the landlord, who held a claim for rent of $1,080.00, thereafter undertook to dispose of the merchandise on five successive Saturdays. He applied the net amount from these sales of approximately $825.00 to the payment of his claim for past due rent.

Merit Clothing Company, Respondent, sued Luttrell, the assignor, on August 20, 1958, and took a default judgment against him. On September 18, 1959, Merit instituted the present suit in which it sought to collect its judgment under the bond executed by the assignee. The attorneys of record for Merit in this suit were Wear and Wells of Paris, Texas. The depositions of four witnesses, including those of the assignor, Luttrell, and the assignee, Black, were taken and filed by Merit in November and December subsequent to the filing of the suit. The case pended on the docket without further action until January 6, 1961, when it was set for trial on February 27, 1961. No one appeared on the date of the setting. On July 10, 1961, the case was again set for trial on July 24, 1961, at which time it was continued on motion of the Plaintiff, Merit Clothing Company. On May 7, 1962, the case was set for trial by the court on May 28, 1962. The clerk addressed a notification letter dated May 7, 1962, to Frank Wear, who, with T. D. Wells, composed the firm of Wear and Wells at the time Merit's suit was filed; the letter contained advices of the setting of the case for trial on the following May 28. The firm of Wear and Wells had in fact been dissolved in April of 1961, but no notification of the dissolution had been received by the clerk, nor had there been any withdrawal by the firm of Wear and Wells as attorneys of record for Merit.

On May 25, 1962, T. D. Wells, the former partner of Frank Wear, forwarded to the clerk a jury fee deposit and demand for a jury and on the morning of May 28 filed motion for continuance on behalf of Merit Clothing Company. The motion asserted that the attorney had a setting of another case in Texarkana on the following day; that Merit could not safely go to trial because settlement negotiations had broken down and it needed to make additional parties, although who they were, and for what purpose, was not shown; and that there

were fact issues to be determined as to which Merit desired a jury trial, although no explanation was offered as to why Merit had not placed its case on the jury docket during its pendency since September 18, 1959. The court overruled the motion for continuance and by a judgment signed December 27, 1962, decreed that Plaintiff, Merit Clothing Company, take nothing. No findings of fact or conclusions of law were requested or filed by the trial judge.

■ The trial court did not abuse its discretion in overruling the motion for continuance. The record is barren of any injuy to Merit resulting therefrom. And on the question of diligence we said in Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856, that

"Moreover, a trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in the light of the record show beyond cavil a complete lack of diligence as measured by other rules regulating procedure in the trial of cases."

■ Merit Clothing Company as a nonconsenting creditor had no rights or interest in the property assigned for the benefit of creditors except and unless there was an excess remaining after payment to the consenting creditors of the amount of the debts and the costs and expenses of executing the assignment. Article 271; Schoolherr v. Hutchins, 66 Tex. 324; Moody v. Carroll, 71 Tex. 143, 8 S.W. 510; Craddock v. Orand, 72 Tex. 36, 12 S.W. 208; Schumacher Co. v. McLane, Tex.Civ.App., 89 S.W.2d 477, no writ hist.

■ The judgment of the trial court implies all necessary findings in its support since no findings of fact or conclusions of law were requested of or filed by the trial judge. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114. This includes the implied findings that the assigned assets were insufficient to pay the debts of the consenting creditors and costs and expenses, and hence that no excess remained. Cf. Schumacher, supra. There is evidence supporting the implied findings and quite clearly the contrary is not shown as a matter of law. The failure of Black, the assignee, to file the bond within five days as contemplated by Article 266 did not constitute a conversion of the assets assigned to him, as contended by Merit, nor did this failure afford Merit an additional remedy in equity as held by the Court of Civil Appeals. Article 266 expressly provides that the assignment shall be effective as against the assignor and his creditors notwithstanding the failure of the assignee to execute and file the requisite bond. The failure to do so does not vitiate an assignment nor prevent its effectiveness in vesting title in the assignee. Windham v. Patty & Mathews, 62 Tex. 490; Fant v. Elsbury, 68 Tex. 1, 2 S.W. 866; Schoolherr v. Hutchins, supra.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.