**J. W. KENT and Wife, Olga Kent, Individually, and a Partnership d/b/a Eagle Restaurant, Appellants,**

v.

**Darlene BRADLEY, Appellee.**

**No. 6245.**

Court of Civil Appeals of Texas, El Paso.

April 26, 1972.

Paxson & Santiesteban, Robert E. Kennedy, Marshall I. Yaker, El Paso, for appellants.

Gade & Schwarzbach, Thor G. Gade, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a suit for actual and exemplary damages resulting from a verbal assault. Darlene Bradley, Plaintiff-Appellee, brought suit against J. W. Kent and wife, Olga Kent, Individually, and d/b/a Eagle Restaurant, a co-partnership, Defendants-Appellants. Trial was before the Court and judgment was entered for Plaintiff in the amount of $1,000.00. We affirm.

The Defendants assign only one point of error complaining that the trial Court erred in holding the Defendants liable for the acts of their employee. Defendants direct their brief and argument to the one proposition that such acts committed were not within the scope of employment of the assaulting employee whereby the employer could be held liable.

The testimony disclosed that Plaintiff was employed at the American Furniture Store. The employees where she worked purchased refreshments for their coffee breaks from the Eagle Cafe located across the street. Plaintiff was to obtain lemonades and coffee from the cafe for herself and her fellow employees. Upon receiving the check from a waitress, she noticed the price for each lemonade was ten cents higher than the week before and she did not have enough money to pay it. She questioned the check and inquired as to its correctness at the cashier's counter. The cashier took the check and walked to the back of the cafe where the kitchen was located. Thereupon, a different lady came out of the back of the cafe and without provocation, in loud insulting language, berated and verbally abused the Plaintiff creating a scene before many people and

ordered the Plaintiff to leave and not to come back. Plaintiff returned to her place of work in a state of shock, humiliation and hysteria. Plaintiff's testimony was uncontroverted that she broke out with hives and was physically ill requiring medication prescribed by a medical doctor. Mrs. Eva Mallin, one of Plaintiff's co-workers, testified that she immediately went to the Eagle Cafe to inquire about the incident. She was rebuffed by a young man behind the counter who ordered her out or he would throw her out and told Mrs. Mallin that the abusive word used to describe the Plaintiff was not a bad word but only one used to describe a female dog. The Defendants at the time were out of town fishing and were not in the cafe.

■ Findings of Fact and Conclusions of Law were not requested or filed. In their absence, it is presumed that the trial Court found all fact issues raised by the evidence in support of the judgment. Renfro Drug Co. et al. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (Tex.Sup.Ct.1950); Commercial Standard Insurance Company et al. v. Merit Clothing Company, 377 S.W.2d 179 (Tex.Sup.Ct.1964). With such presumption, the reviewing Court must affirm the judgment if there is any evidence of probative force to support the judgment on any theory authorized by law.

■ Defendants' only contention is that the employee, at the time of the occurrence, was motivated by personal animosity and thus was not acting within the scope of her employment, relying on the decisions of National Life & Accident Ins. Co. v. Ringo, 137 S.W.2d 828 (Tex.Civ.App. writ ref.) and Norris et al. v. China Clipper Cafe et al., 256 S.W.2d 664 (Tex.Civ. App. n.r.e.). In each of these cases, the Courts held that the incidents occurred by reason of personal animosity arising from controversies between the parties and the resulting assaults were not associated with performance of the duties of the employees for their employer. The facts presented here are distinguishable from the cases above cited in that the Plaintiff voiced her complaint or inquiry concerning the check to the cashier. The cashier referred the matter to the other employee, who under the circumstances would presumably be the person charged with the responsibility of adjudicating any discrepancy in the check if one existed. No prior controversy was shown to have arisen between Plaintiff and the employee.

■ The applicable law is probably best stated in Central Motor Co. v. Gallo, 94 S. W.2d 821 (Tex.Civ.App. n.w.h.), as follows:

" 'If the act complained of was within the scope of the servant's authority, the master will be liable, although it constituted an abuse or excess of the authority conferred. The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury on a third person.' 39 C.J. p. 1285, § 1476."

See also Greathouse v. Texas Public Utilities Corporation, 217 S.W.2d 190 (Tex. Civ.App. n.r.e.). Whether or not an employee is acting within the scope of his employment is usually one of fact to be determined by the jury. 38 Tex.Jur.2d, Sec. 247, p. 503. In the state of this record, we hold that the evidence justifies the conclusion of the trier of facts that the employee was acting within the scope of her employment.

We therefore affirm the judgment of the trial Court.